UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ROCCO EDWARD ELLIS | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 17-30060-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| THE OKALOOSA COUNTY JAIL, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

August 24, 2017

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Pending before this court are two motions to dismiss a *pro* se complaint filed by plaintiff Rocco Edward Ellis. In the first motion, defendant Global Prisoners Services d/b/a Texas Prisoner Transport ("GPS"), wrongfully identified by Ellis as Texas prisoner Transport, moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) ("Rule 12(b)(3)"), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"). (Dkt. No. 17.) In the second motion, defendants Okaloosa County Jail and Officer Stefan W. Vaughn ("the County Defendants") move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"), for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) ("Rule 12(b)(3)"), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), for failure to comply with

the pleading requires of Rules 8(a) and 10 of the Federal Rules of Civil Procedure, and for *Forum Non Conveniens*. (Dkt. No. 22.)

## II. BACKGROUND

On May 9, 2017, plaintiff Rocco Edward Ellis ("Ellis"), now a resident of Massachusetts, filed a complaint accompanied by a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.)

This is a diversity action for "gross negligence[,] wanton/reckless endangerment[, and] medical malpractice." (Dkt. No. 1.) Ellis alleges that he is an insulin dependent diabetic. (*Id.*) He states that he was confined to the Okaloosa County Jail in Crestview, Florida, from March 6, 2017 until April 22, 2017, when he was picked up by GPS transportation for transfer to Massachusetts. (*Id.*) Ellis contends, among other things, that the County Defendants treated him as an insulin dependent diabetic and that after his departure from the jail, he went into a diabetic coma because the officers did not have his medication. (*Id.*) He believes he was on a highway in Louisiana when an ambulance was called. (*Id.*)

An ambulance transported Ellis to Bush Foundation Hospital in Texas. (*Id.*) After receiving treatment at the hospital, Ellis spent the night in a Texas jail. (*Id.*) Ellis was subsequently transported to Massachusetts. (*Id.*)

Ellis alleges that he was transported in a cargo van with several prisoners, each unable to fasten seatbelts, whether or not they were available, because each was restrained by handcuffs and waist-chains. (*Id.*) Plaintiff alleges that when the van hit bumps and potholes, he was slammed "Dominos style into the front cage." (*Id.*) In the civil cover sheet accompanying the complaint, Ellis seeks damages in the amount of "$50 Million." (Dkt. No. 1-1.)

On May 16, 2017, Ellis' motion for leave to proceed *in forma pauperis* was granted and the Clerk issued summons for service of the defendants. (Dkt. No. 5.)

Ellis subsequently filed motions for appointment of counsel, for discovery and for a speedy trial. (Dkt. Nos. 7 - 10, 12.)

### III.     DISCUSSION

After reviewing plaintiff's complaint and the Defendants' motions to dismiss, the court concludes that venue for this action does not lie within the District of Massachusetts. The Defendants included venue among several challenges to this action, but did not move for transfer. The federal venue statute provides three bases for venue. When jurisdiction is founded solely on diversity, venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, subsections (1) and (3) of 28 U.S.C. § 1391(b) do not establish venue in the District of Massachusetts because none of the Defendants reside in Massachusetts. Likewise, subsection (2) does not provide for venue within this district because none of the "events or omissions giving rise to the claim" occurred in the District of Massachusetts. A review of the pleadings and submissions of the parties concerning venue establish that although Ellis was transported into Massachusetts, the significant events giving rise to his claims occurred outside of Massachusetts. The alleged "events or omissions giving rise to the [plaintiff's] claim" occurred in several other districts, including Crestview, Florida, which is within the venue of the Northern District of Florida. 28 U.S.C. § 89(a).

Because it is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1406(a),[1] *Desmond v. Nynex Corp.*, No. 94-1230, 1994 WL 577479, at *3 (1st Cir. Oct. 20, 1994) (per curiam), it is immaterial that the parties did not explicitly raise the issue of transfer. The court recognizes that "there is a

---

[1] 28 U.S.C. § 1406 (cure or waiver of defects) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

strong presumption in favor of plaintiff's choice of forum." *U.S. ex rel. Ondis v. City of Woonsocket, RI*, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citing *Coady v. Ashcraft–Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). "Where the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." *Id.* (citing *Goodman v. Schmalz*, 80 F.R.D. 296, 302 (E.D.N.Y 1978)). Here, there is no evidence that Ellis filed in this court in bad faith or that transfer will prejudice Defendants.

Rather than dismiss the instant action, in the interest of justice this action will be transferred to the United States District Court for the Northern District of Florida under 28 U.S.C. § 1406(a). As some of the events occurred in Florida, and the majority of defendants are in Florida, the court finds that, in the first instance, the action should be transferred to the Northern District of Florida. *See U.S. ex rel. Ondis v. City of Woonsocket, RI*, 480 F. Supp. 2d 434, 438 (granting motion to transfer, but permitting judge in the transferee district to decide the defendants' motion to dismiss). This court takes no position on all pending motions which are reserved for adjudication by the transferee court.

### IV.  CONCLUSION

For the reasons set forth above, the Court orders that this action be TRANSFERRED to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a).

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge