UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROCCO EDWARD ELLIS,

    Plaintiff,

v.                               Case No. 3:17-cv-658-LC/MJF

OKALOOSA COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to comply with the undersigned's order of June 3, 2019. The undersigned recommends that this action be dismissed without prejudice for failure to comply with a court orders and failure to prosecute.[1]

**I.  Background**

On May 9, 2018, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action for negligence. (Doc. 1). Defendants—Global Prisoners Services d/b/a Texas Prisoner Transport ("GPS"), Stefan Vaugh, and Okaloosa County Jail—moved to dismiss for failure to state a claim upon which relief may be granted and lack of

---

[1] The case was referred to the undersigned to address preliminary issues and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

jurisdiction. On January 25, 2019, the undersigned recommended that: (1) the Defendants' motions to dismiss be denied without prejudice; and (2) Plaintiff be afforded an opportunity to amend his complaint to correct its deficiencies. (Doc. 67).

On February 25, 2019, United States District Court Judge Lacey A. Collier adopted the undersigned's report and recommendation. (Doc. 68). Judge Collier directed the Plaintiff to file an amended complaint within 21 days of the order adopting the report and recommendation. (*Id.*). Judge Collier also warned the Plaintiff that his failure to comply with the court's order "may result in his case being dismissed." (*Id.*).

Plaintiff failed to file his amended complaint by March 18, 2019—the deadline Judge Collier had imposed. On March 25, 2019, therefore, the undersigned ordered Plaintiff to explain why he had failed to comply with Judge Collier's order. (Doc. 71). The undersigned gave Plaintiff thirty days to respond and warned him that his failure to respond likely would result in dismissal of this action.

On April 22, 2019, Plaintiff filed a response indicating that he had not filed an amended complaint because he wished to proceed with his original complaint. (Doc. 76 at 1).

On April 29, 2019, the undersigned issued an order informing Plaintiff that he could not proceed with the original complaint and that he was required to file an amended complaint as Judge Collier had directed. (Doc. 78 at 2). The undersigned

also directed the clerk of the court to send Plaintiff a civil rights complaint form, a copy of the report and recommendation, and the order adopting the report and recommendation. (*Id.*). The undersigned imposed a thirty-day deadline for Plaintiff to file his amended complaint. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal. This order was returned by the U.S. Postal Service with the following notation: "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD." (Doc. 79).

On May 31, 2019, Plaintiff sought an extension of time to file the amended the complaint. (Doc. 80). Plaintiff claimed that he was experiencing health-related problems, including anxiety and post-traumatic stress symptoms. (*Id.*). Additionally, Plaintiff admitted that he was also traveling across the country and had missed some of the court's orders due to his travels. (Doc. 80). The undersigned provided Plaintiff until June 24, 2019, to file an amended complaint. The undersigned again warned Plaintiff that his failure to comply with court orders likely would result in dismissal of this action. (*Id.*). Although that order had been mailed to the address Plaintiff had provided to the clerk of the court, on June 14, 2019, that order was returned by the

U.S. Postal with the following notation: "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."[2] (Doc. 85).

On June 24, 2019, Plaintiff filed a "Motion Addressing a June 24th deadline I was only made aware of today." (Doc. 86). As of today, Plaintiff still has not filed an amended complaint despite Judge Collier initially ordering him to do so by March 18, 2019.

**II.    Discussion**

"As a fundamental proposition, orders of the court '*must be obeyed* . . . .'" *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1208 (11th Cir. 1985) (quoting *United States v. Dickinson*, 465 F.2d 496, 509 (5th Cir. 1972)). When orders are not obeyed, a court may enforce its orders through imposition of a sanction. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v.*

---

[2] The undersigned notes that two other orders likewise were returned by the U.S. Postal Service with similar notations. (Docs. 77, 84).

*Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following factors, among others:

**(1)    The duration of the Plaintiff's failure to comply.** On February 25, 2019, Judge Collier issued an order directing Plaintiff to file an amended complaint within twenty-one days. (Doc. 68). Plaintiff failed to comply with that order. On April 11, 2019, the undersigned issued an order to show cause order and provided Plaintiff thirty days to respond. (Doc. 71). Plaintiff responded that he believed he could proceed with the original complaint. (Doc. 76). On April 29, 2019, the

undersigned issued an order again directing Plaintiff to file an amended complaint. Plaintiff requested additional time. (Doc. 80). The undersigned granted the motion and imposed a twenty-one-day deadline to comply (Doc. 81). Plaintiff originally failed to comply with Judge Collier's order since about March 18, 2019 and he remains noncompliant with that order and subsequent orders of the undersigned.

**(2)     Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with the following orders:

    a.    Judge Collier's order of February 25, 2019;

    b.    the undersigned's order of April 29, 2019; and

    c.    the undersigned's order of June 3, 2019.

**(3)     Plaintiff received notice that failure to act likely would result in dismissal.** Judge Collier and the undersigned repeatedly warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with these orders.

**(4)     Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may refile his claim should he choose to pursue it in the future. As noted in the undersigned's report and

recommendation, Plaintiff's complaint suffers from substantial deficiencies. Therefore, to state a viable claim, whether in this action or another case, Plaintiff would need to file a complaint substantially different than the one currently pending.

**(5)   The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded notice and an opportunity to be heard. He has elected not to prosecute this action and not to comply with court orders. The court's need to dispose of cases that are not being prosecuted and to ensure that parties comply with court orders outweighs other interests.

**(6)   The public policy favoring disposition of cases on their merits.** Plaintiff admitted that his failure to comply with court orders was partially due to his travels. The relevant orders were designed to facilitate the disposition of this case on its merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure that parties take deadlines seriously and comply with court orders.

**(7)   The fact that any lesser sanction would be inefficacious.** No lesser sanction would serve the important interests that are implicated in this case. Plaintiff likely would ignore any additional orders by this court, just as he has ignored

previous orders. Accordingly, dismissal without prejudice is the appropriate sanction and any lesser sanction likely would be inefficacious.

**(8)** **Plaintiff's requests for appointment of counsel.** The undersigned also considered Plaintiff's requests for appointment of counsel. He has claimed that that he is unable to comply with the court's orders due to his medical conditions and his inability to retain an attorney. (Docs. 69, 80). While Plaintiff alleges that he suffers from post-traumatic stress disorder and panic attacks, Plaintiff has not shown how this affects his ability to comply with court orders. Indeed, Plaintiff noted that he missed the court's deadlines because he is traveling and volunteering. (Doc. 69, 81). Although volunteering to help others is commendable, it does not excuse a failure to follow court directives. Furthermore, complying with court deadlines and keeping the clerk of the court apprised of a current mailing address does not require the assistance of an attorney. Plaintiff, therefore, has not shown good cause or even excusable neglect for his failures.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with three court orders and for failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida this 9th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.